[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  18-13547
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cr-20836-RNS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THEODORE WILLIAM SYMONDS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 13, 2019)

Before MARTIN, BRANCH, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Theodore William Symonds appeals his 210-month sentence.  The

government moves to dismiss his appeal as barred by the sentence appeal waiver

that was part of Symonds's plea agreement.  After careful consideration, we grant the government's motion and dismiss Symonds's appeal.

Symonds pled guilty to traveling in foreign commerce for the purpose of engaging in illicit sexual conduct with a minor.  18 U.S.C. § 2423(b).  His written plea agreement included a sentence appeal waiver.  That waiver barred Symonds from "appeal[ing] any sentence imposed . . . or . . . appeal[ing] the manner in which the sentence was imposed" unless the government appealed his sentence or "the sentence exceed[ed] the maximum permitted by statute or [was] the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishe[d] at sentencing."

Before accepting Symonds's guilty plea, the district court discussed this appeal waiver with Symonds.  The court told Symonds that, "under the terms of [his] plea agreement, [he] ha[s] agreed to waive or give up certain of [his] rights to appeal."  The court went on, "[if] [it] impose[s] a sentence that exceeds the statutory maximum or if [it] var[ies] or depart[s] above the guidelines or if the government files an appeal of [the] sentence, then [he] can also appeal [his] sentence."  The court asked Symonds whether he "underst[oo]d that under the terms of [his] plea agreement, if one of those three things does not [] happen, then [he] cannot appeal [his] sentence."  The court asked if Symonds "underst[oo]d that," and Symonds said, "Yes, sir."  The district court later found that Symonds's

2

plea and appeal waiver were freely, knowingly, and voluntarily entered and accepted his guilty plea.

At sentencing, the district court calculated Symonds's advisory guideline range as 210 to 262 months and sentenced him to a 210-month prison term.

Symonds filed an appeal, arguing only that his sentence was substantively unreasonable. The government then filed a motion to dismiss Symonds's appeal, seeking to enforce the sentence appeal waiver. Symonds did not file a response.

We review de novo the validity of a sentence appeal waiver. United States v. Bushert, 997 F.2d 1343, 1352 (11th Cir. 1993). "A defendant's waiver of his right to appeal his sentence is valid [and enforceable] if he enters into it knowingly and voluntarily." United States v. Dixon, 901 F.3d 1322, 1342 (11th Cir. 2018) (alteration adopted and quotation marks omitted). "[A] waiver is knowing and voluntary if either: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver." Id. (quotation marks omitted).

Symonds knowingly and voluntarily entered his sentence appeal waiver. The district court discussed the terms of the waiver with Symonds and questioned him about his understanding of it during the plea colloquy. Thus, the waiver is enforceable. See id. (deeming a waiver enforceable where the district court

3

engaged in a colloquy with the defendant mirroring the colloquy here).  Beyond

that, none of the conditions in the waiver permitting Symonds to appeal exist.  His

210-month prison sentence was within the guideline range determined by the

district court at sentencing and thus was neither an upward variance nor departure

from that range.  Nor did his sentence exceed the 30-year maximum provided by

law.  18 U.S.C. § 2423(b).  Therefore, we grant the government's motion to

dismiss Symonds's appeal.

**APPEAL DISMISSED.**